562 A.2d 441

**Michael VIANELLO, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA HOUSING FINANCE AGENCY, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 1989.

Decided Aug. 11, 1989.

Reargument Denied Oct. 17, 1989.

Petition for Allowance of Appeal Denied April 18, 1990.

Michael Vianello, Brodheadsville, pro se.

JoLynn M. Stoy, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

The Pennsylvania Housing Finance Agency (Agency) rejected Michael Vianello's application for a Homeowners' Emergency Mortgage Assistance loan. The Agency's hearing examiner affirmed. Vianello appeals; we vacate and remand.

When Vianello defaulted on his mortgage, the lender, as required by Section 403c of the Act,[1] mailed him a standardized notice promulgated by the Agency entitled "Notice of Homeowners' Emergency Mortgage Assistance Act of 1983." This notice advises defaulting mortgagors of their right to apply for mortgage assistance from the Agency and thereby stay foreclosure.

The record indicates that, after Vianello submitted a form requesting assistance, the Agency responded by letter dated August 7, 1984, informing him that the application was incomplete because it lacked a copy of an "Act 91 Notice" which, if not received within thirty days, would render his file "inactive." Vianello did not respond to this letter, contending he never received it.

Subsequently, the lender sought to foreclose and Vianello sent a letter to the Agency, received November 16, 1984, expressing his concern that he had never heard from the Agency since submitting the initial application form. The Agency replied on November 27, 1984, that his application was placed in the "inactive" file because it lacked the "Act 91 Notice" requested. Vianello answered by letter that he never received the Agency's August 7, 1984 letter and did not understand what was meant by "Act 91 Notice" since none of the documents he received were so labeled.

The Agency then responded by letter dated December 19, 1984, further explaining its decision and describing the so-called "Act 91 Notice." Vianello thereupon submitted

1. Act of December 3, 1959, P.L. 1688, *as amended,* added by Section 2 of the Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. § 1680.403c(a).

the initial notice he received from the lender. This document apparently was the notice which the Agency requested and referred to as the "Act 91 Notice."

The Agency refused to consider the merits of Vianello's application and denied assistance because of noncompliance with the Agency's application procedures. 35 P.S. § 1680.404c(a)(11). It advised Vianello that he had failed to timely provide the information requested and failed to meet with a counseling agency, as required by 16 Pa.Code § 40.203(1).

Vianello contends that the Agency abused its discretion in basing its denial on the alleged procedural defects.

■ Initially, we hold that Vianello's failure to submit an "Act 91 Notice" with his application cannot provide a basis for denying assistance. There is no such requirement in the Agency's regulations governing application procedures, 16 Pa.Code § 40.203. Moreover, although the Agency, in its brief to this Court, represents that "the application for mortgage assistance directs the applicant to attach this notice to the application," Respondent's brief, page 16, the application in the certified record contains no such direction. Without a specific direction or a regulation requiring inclusion of an "Act 91 Notice," the Agency cannot base its denial of assistance on this omission.

■ Nor can the Agency rely on Vianello's alleged failure to comply with its request, in its letter of August 7, 1984, to supply a copy of the "Act 91 Notice." [2] While the letter refers to an "Act 91 Notice," the notice itself received by Vianello is entitled "Notice of Homeowners' Emergency Mortgage Assistance Act of 1983." The term "Act 91 Notice" may be common parlance among Agency officials and mortgage lenders; nonetheless, it is an imprecise description. We cannot countenance the denial of assistance based on the Agency's assumption that a layman understands all its shorthand terms.

2. This request was made to Vianello in the Agency's letter of August 7, 1984. Record Item. No. 3.

■ We likewise hold that Vianello's failure to meet with a credit counseling agency cannot provide a basis for denying assistance.

The Agency's regulation requires an applicant to "arrange for and attend a face-to-face meeting with the lender or a consumer credit counseling agency listed in the notice." 16 Pa.Code § 40.203. However the Agency itself is required by the Act, 35 P.S. § 1680.401c(d), to designate counseling agencies *in each county* to assist in mandated counseling of defaulting mortgagors. An express purpose of the counseling agencies is to assist the homeowner in preparing the application in the manner prescribed by Agency regulations. 16 Pa.Code § 40.203(5).

Here, the Agency failed to designate a counseling agency in Monroe County where Vianello resides. Thus, the Agency neglected its own statutory duty to make available to Vianello assistance in following its own application procedures, and now seeks to hold him accountable for noncompliance with those same procedures.[3]

We hold that, under these circumstances, the Agency abused its discretion in basing its denial of assistance on the alleged procedural technicalities. Therefore, we vacate and remand to the Agency for proceedings not inconsistent with this opinion.

## ORDER

The decision of the Pennsylvania Housing Finance Agency, In Re Appeal of Michael Vianello, dated October 31, 1986, is vacated, and this case is remanded to the Agency for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

---

3. Moreover, we would be loath to uphold the Agency's denial based on the regulation inasmuch as it requires a homeowner to "arrange for and attend a face-to-face meeting" with a bank or counseling agency within thirty days. Satisfaction of such a requirement presupposes the cooperation and availability of another party—that is, a bank where no counseling agency exists. The homeowner cannot be held accountable—through rejection of his application—under a requirement which assumes the availability of persons or entities other than the applicant or Agency itself.